JAMES E. TEMPLE, administrator of W. T. Temple, v. MASSA-CHUSETTS BENEFIT LIFE ASSOCIATION.

(Decided February 28, 1899).

*Issues—Verdict—Contradictory Findings.*

The remedy for inconsistent and contradictory findings of the issues submitted to the jury is to set aside the verdict.

CIVIL ACTION, upon a life insurance policy, tried before *Timberlake, J.,* at July Special Term, 1898, of PASQUO-

TANK Superior Court. The policy had this clause on the back of it: "This policy shall not become operative so as to bind the Association until the first annual premium is paid and the policy is actually delivered to the member herein named, during his life and good health."

The application for insurance was made by the intestate of plaintiff on January 5, 1897, and stated that he was in good health—his answer being in the negative to the following inquiry made in his examination:

Q. 17. "Have you any ailment, disease or disorder, or suspicion of any?" A. "No."

The premium was paid and the policy was delivered to the assured on January 11, 1897. He died March 16, 1897. The defense was, that he was in bad health when the application was made, January 5, and when the policy was delivered, January 11, 1897. The evidence was conflicting as to the state of his bodily health in January, 1897, but there was no evidence of a change of health between the application, January 5, and the delivery of the policy and payment of premium, January 11. The evidence was to the contrary. He was engaged in his usual business, hauling logs, up to eight or ten days of his death.

The fourth issue reads:

4. "Did insured make false representations in his application and examination?"

To this the jury answered, "No."

The sixth issue reads:

6. "Was said policy delivered to W. T. Temple during his lifetime, and while in good health?"

To this the jury answered, "No."

The plaintiff moved the Court to set aside the verdict of the jury, for the reason that their findings are inconsistent.

Motion overruled; plaintiff excepted, judgment in favor of defendant.

Appeal by plaintiff.

*Messrs. G. W. Ward* and *E. F. Aydlett,* for plaintiff (appellant).

*Messrs. Shepherd & Busbee, J. W. Hinsdale,* and *Pruden. & Pruden,* for defendant.

CLARK, J.   The application for insurance was made January 5th, 1897; the policy was delivered to the assured January 11, 1897, and he died March 16, 1897.   The defendant relies upon a clause on the back of the policy—"This policy shall not become operative so as to bind the Association until the first annual premium is paid and the policy is actually delivered to the member herein named during his life and good health."   The jury responded "No" in response to the fourth issue—"Did insured make false representations in his application and examination?" and there was no exception.   There was no evidence of a change of health between the application, January 5th, and the delivery of the policy and payment of premium January 11th.   On the contrary the evidence of defendant's witnesses concurred with plaintiff's, that the assured was at work as usual in his business of hauling logs up to eight or ten days of his death, and the attending physician says he died of gastralgia, a disease which, from its nature, could not have possessed him on January 11th, at the delivery of the policy, if he worked hauling logs for nearly two months thereafter.

The jury find, "No" as to the sixth issue—"Was said policy delivered to W. T. Temple during his lifetime and while in good health?"   There being not a scintilla of evidence as to change of health between the application on

January 5, when the response to the fourth issue finds that the applicant's representations as to his health were true, and the delivery of the policy on January 11th, these findings are clearly inconsistent and contradictory. The brevity of time—six days—warranted no presumption of change of health, and upon identically the same evidence the jury have made contradictory findings. The Court should have granted the plaintiff's motion to set aside the verdict upon that ground.

New trial.